# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TRAVIS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2417-STA-egb |
| | ) | |
| CPL. ASHLEY DOYLE, | ) | |
| CPL. C. JONES, CO THEUS, | ) | |
| WARDEN JAMES HOLLOWAY, | ) | |
| AWS WARDEN FITZ, | ) | |
| WILLIAM BRYANT, | ) | |
| CAPT. JEFFREY MIDDLETON, | ) | |
| COMM'R DERRICK SCHOFIELD, | ) | |
| LT. THOMAS SHELL, and | ) | |
| SUE ANN BREWER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CLAIMS, CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On June 13, 2016, Plaintiff Travis Williams, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. On June 14, 2016, the Court granted Williams leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). The Clerk shall record the defendants as Cpl. Ashley Doyle, Cpl. C. Jones, WTSP Officer First Name Unknown ("FNU") Theus, Former WTSP Warden James Holloway, WTSP Assistant Warden FNU Fitz, WTSP Unit Manager William Bryant, WTSP Chief of Security Jeffrey Middleton, Former Tennessee

Department of Correction ("TDOC) Commissioner Derrick Schofield, WTSP Lieutenant Thomas Shell, and Acting Grievance Chairperson Sue Ann Brewer.

## BACKGROUND

Williams alleges that on January 8, 2016, he was housed in administrative segregation in unit 3-A-35 at WTSP. (Compl. at 2.) During shower call Defendants Doyle, Jones, and Theus were escorting inmates to and from the showers in handcuffs per TDOC Policy. (*Id.*) Defendant Doyle handcuffed Williams's cell mate and escorted him to the shower, and then Defendant Jones and Theus handcuffed Williams. (*Id.* at 2-3, *see also* Grievance # 2016-83/T-298854, ECF No 1-1.) Williams asked if he was being escorted to the showers. Defendant Jones and Theus told him to go ahead to the showers unescorted. (*Id.* at 3.). Williams contends that as he approached the showers, Defendant Doyle pointed him towards a particular shower. As Williams approached the shower, an inmate who was not handcuffed came out of the shower with an "icepick type" of weapon. (*Id.*)

Williams started running to get to safety, but the inmate caught up with him and started stabbing him repeatedly while Williams was "screaming for his life." *Id.*) Williams alleges that Defendants Jones, Doyle, and Theus stood by the shower and did nothing to assist Williams, including not using mace, which they are required to carry at all times. (*Id.*) Williams further contends that Defendants did not immediately call a code for other officers and staff members to come to his rescue, and the inmate did not stop stabbing him until he heard other officers coming through the door. (*Id.* at 4.) At this time, Defendants Jones, Doyle and Theus decided to run towards Williams, "pretending they (were) trying to assist [him]." (*Id.*)

Williams alleges that Defendants Holloway, Fitz, Bryant, Middleton, and Schofield failed to make sure staff members followed policy and procedure to make sure that every inmate is

2

searched for contraband before being escorted to the shower. (*Id.* at 4 & 5.) Williams contends that Defendant Shell did not investigate or charge the other inmate with assault as "policy requires of any act of violence against any inmates." (*Id.*) Williams alleges that Defendant Brewer waited until Williams was transferred to another facility to conduct a hearing on his grievance preventing Williams from confronting Defendants. William seeks compensatory and punitive damages against Defendants jointly and severally. (*Id.* at 7-8.)

## **SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the pleading standards under Federal Rule of Civil Procedure 12(b)(6), announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to

3

relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'"); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.").

**I. Section 1983**

Williams filed his Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court holds that the Complaint fails to state a claim for relief. First, Williams's allegations against Defendants Holloway, Fitz, Bryant, Middleton, and Schofield relate to their alleged failure to supervise, control, or train officers under their supervision or management. Section 1983 will not support a claim based upon a theory of *respondeat superior* alone. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must allege that a defendant was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). A failure to supervise, control, or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cnty., Ky*, 668 F.2d 869, 874 (6th Cir. 1982). Williams fails to allege specific actions by Defendants Holloway Fitz, Bryant, Middleton, and Schofield. As a result, the Complaint fails to state a claim against any of these Defendants. Therefore, the Complaint is **DISMISSED** as to these Defendants.

Williams's claims against Defendants Shell and Brewer relate to their alleged failure to investigate Williams's grievances. An inmate has no cause of action against a defendant for failing to investigate or take remedial measures to the extent the defendant was aware of the

5

inmate's complaints. A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). A failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Williams's claims that Shell and Brewer failed to investigate or initiate grievance proceedings according to Williams's preferences fails to state a claim.

Likewise, Williams cannot compel any criminal prosecution of another inmate. As a private citizen, Williams has no authority to initiate a federal criminal prosecution of any defendant for alleged unlawful acts. *Kafele v. Frank & Wooldridge Co.,* 108 Fed. App'x 307, 308-09 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)). The decision of whether to institute state or federal criminal proceedings is a decision committed wholly to the discretion of the State District Attorney or the United States Attorney. This Court cannot order that the other inmate be charged with a crime. Therefore, the claims against Shell and Brewer are **DISMISSED**.

This leaves Williams's failure to protect claims against the prison guards. Williams alleges that Defendants Jones, Doyle, and Theus failed to act when another inmate assaulted Williams. The Court construes this allegation as a claim for failure to protect arising under the Eighth Amendment, which prohibits cruel and unusual punishments. *See Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective

components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the deprivation be "sufficiently serious." *Id.* To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *id.*, or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "The Supreme Court has held that 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 834).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

7

*Id*. at 837-38 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment."). The subjective component must be evaluated for each defendant individually. *Bishop*, 636 F.3d at 767, 768 ("[W]e must focus on whether each individual Deputy had the personal involvement necessary to permit a finding of subjective knowledge.").

Applying these principles to this case, the Court holds that Williams has failed to state a claim for failure to protect him. The Complaint alleges that Defendants Jones, Doyle, and Theus failed to respond quickly to an attack by another inmate. However; Williams goes on to allege that the officers called a code for assistance from other officers (Compl. at 3-4) and that the other inmate "came out of nowhere" and began stabbing him (*id.* at 2). Williams alleges no facts to show that the officers had a subjective awareness of any risk, much less a substantial risk, that faced Williams as he entered the shower on this occasion. "[A] prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it." *Bishop*, 636 F.3d at 767. Williams states that the guards' failure to escort him to the showers and the fact that his assailant was not handcuffed suggests as evidence of their deliberate indifference. However, an alleged failure to follow TDOC regulations and procedures amounts to negligence, which standing alone will not suffice to establish deliberate indifference. Therefore, Williams's claims against Jones, Doyle, and Theus are **DISMISSED**.

**II. Leave to Amend**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Court concludes that leave to amend is not warranted.

## CONCLUSION

The Court **DISMISSES** Williams's Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is **DENIED** because the deficiencies in the Complaint cannot be cured.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Williams in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Williams would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Williams nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th

Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Williams is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Williams, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 13, 2017.